Margaret A. Darcey et al
vs.                        } Eq.No.6703
Mary T. Cass et al

June 9, 1926

HAHN, J. Heard on demurrer to bill in equity.

The complaint has annexed thereto a declaration of trust which names respondents trustees (one trustee died and another person was elected in his place), for certain subscribers and shareholders, including the complainants, to buy and sell land and generally engage in a real estate business,—the instrument being in the nature of a so-called "Massachusetts Trust," which came into being as a substitute for the more usual corporate form of business association.

The complaint alleges that the agreement is not a true trust but a partnership, and prays for a dissolution, an accounting, an injunction, and the appointment of a receiver, because of violations of the agreement and general mismanagement of partnership affairs.

The chief question raised by the demurrer is whether or not the agreement constitutes a trust or a partnership. The agreement has many of the usual provisions common to such trusts, but contains a further provision somewhat unusual.

"At any meeting the holders of a majority of all the then outstanding shares may fill any vacancy existing in the board of trustees; may depose the trustees and elect one or more in their place; may direct the sale or mortgage of the property or any part thereof held by the trustees; and may alter or amend this instrument or terminate the trust thereunder."

So broad a power as is here given, to remove trustees and fill vacancies, is not looked upon with favor.

"The power to remove at any time without cause and to fill vacancies, seems, however, of a totally different sort. It is difficult to conceive of independent actions by a trustee under such circumstances and absurd to say that he is the proprietor of the enterprise even while his incumbency continues."

Wrightington, Unincorporated Associations, 2nd ed. p. 68.

When to the power to remove the trustees is added the power to direct the sale or mortgage of the property or any part thereof held by the trustees, i. e. the power to control or manage the business, the trustees can no longer be regarded as trustees in fact and truth, but only as agents or officers, and the agreement constitutes a partnership.

"While the business was being managed by the trustee he was absolute master thereof,—as much as though he himself had a beneficial interest therein. The assignor could not dictate how the trustee should conduct it, what purchases or sales he should make, or have the slightest voice in its affairs."

"There is a partnership relation when the certificate holders are associated together by the terms of the 'trust' and are the principals whose instructions are to be obeyed by their agent, who for their convenience holds the legal title to their property, the property being their property and they being the masters. On the other hand if there is no association between the certificate holders, the property is the property of the trustees and the trustees are the masters. Then the certificate holders have only a right to have the property managed for their benefit. They have no right to manage it themselves nor to instruct the trustees how to manage it for them, and it becomes a true trust."

R. I. Hospital trust Co. vs. Copeland, 39 R. I. 193, 211, 213.

Crocker vs. Malley, 249 U. S. 223, 232, 233.

Williams vs. Milton, 215 Mass. 1.

In the last case above, reference was made (page 7) to the case of Williams vs. Boston 208, Mass. 497, where by a trust agreement the property "was to be held by trustees, but the shareholders had a right to remove the trustees, and meetings of the shareholders were to be held at which the shareholders might authorize or instruct the trustees in any manner and alter or amend the declaration of trust, or direct the trustees to end the trust, sell the property and distribute the proceeds. The original papers in the case show these to have been the facts of the case although they are not stated in the report of that decision. The property of this association was held to be taxable as partnership property."

See, Williams vs. Milton, 215 Mass. 1, at page 7.

Wrightington in his work on Unincorporated Associations has summarized the distinction between a trust and a partnership as follows:

"Since the decision by the Supreme Court of the United States in the case of Crocker vs. Malley, following the Massachusetts case of Williams vs. Milton, it seems reasonable to expect that the states which have not yet passed upon the question will adopt the distinction between partnership and trust therein set forth. Under these decisions, if the beneficiaries are not 'associated' and have not 'control' of the trustees, they are not partners as to the business enterprise but merely beneficiaries of the trust. By eliminating all meetings of beneficiaries the element of association is eliminated. By depriving beneficiaries of power to remove or elect trustees or to instruct trustees the element of control is eliminated."

Wrightington, Unincorporated Associations, 2nd ed. p. 449.

In the present instrument both the elements of association and control exist, and it accordingly seems most probable that the association constitutes a partnership, notwithstanding the evident intention to create a trust and the apparently absolute discretionary powers given the trustees by the third and fifth paragraphs of the instrument.

The remaining grounds of demurrer do not impress the court as substantial in the circumstances. It seems reasonably evident that the allegations of the bill, if substantiated by the evidence, may indicate mismanagement and unprofitable handling of the business and fraud in the partnership affairs. Equity has jurisdiction of bills seeking administration of partnership affairs, asking for dis-

solution, an accounting, an injunction, and the appointment of a receiver, where there is misconduct of a partner or fraud in partnership affairs. Such bills have been considered in the following cases:

Updike vs. Doyle et al., 7 R. I. 446.

Gaddie vs. Mann. 147 Fed. 960.

Lovejoy vs. Bailey, 214 Mass. 134.

The demurrer is overruled.

For Complainants: Rosenfeld & Hagan

For Respondents: James H. Rickard.